## FRIEDMAN v. VANDALIA R. CO.

### (Circuit Court of Appeals, Eighth Circuit.  October 28, 1918.)

### No. 5009.

1. RAILROADS ☞358(1)—INJURIES TO SERVANT OF ANOTHER ROAD—JOINT USE OF RAILWAY PROPERTY—CARE.

   While the law of Illinois requires each company, in case of joint use of railway property, to exercise ordinary care for the safety of employés of the other company while on the property, *held*, that defendant, which owned its own right of way, was under no duty to guard the same for employés of another corporation, whose terminal facilities it used; there being no usage of defendant's right of way by such employés.

2. RAILROADS ☞256—LIABILITY FOR TORTS—RELATION OF COMPANIES.

   Defendant railroad company *held* a stockholder in a corporation furnishing railroads with terminal facilities, which relation furnished no basis for any tort liability for injuries to employés of the terminal company.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by Bettie Friedman, administratrix of the estate of William G. Richardson, deceased, against the Vandalia Railroad Company. Judgment for defendant, and plaintiff brings error.  Affirmed.

David Goldsmith, of St. Louis, Mo. (M. N. Sale, of St. Louis, Mo., on the brief), for plaintiff in error.

Truman Post Young, of St. Louis, Mo. (S. W. Fordyce, Jr., John H. Holliday, and Thomas W. White, all of St. Louis, Mo., on the brief), for defendant in error.

Before HOOK and STONE, Circuit Judges, and WADE, District Judge.

STONE, Circuit Judge.  Writ of error from directed verdict favoring defendant in a personal injury death claim brought by an administratrix.

The deceased was a car inspector employed by the Terminal Railroad Association of St. Louis.  At the conclusion of inspections he, with two others, left the yards of the Terminal in the dark of early morning to carry the inspection reports for filing to an office some distance away.  The route taken and intended to be pursued was westerly along a Terminal track, across a Terminal bridge over Cahokia creek, thence a short distance further on the Terminal track to a path which led down to a street which passed near the office.  About 40 feet east of Cahokia creek this track is crossed by a Vandalia track, which continues westerly across the creek on a Vandalia bridge located a few feet north of the Terminal bridge.  This Vandalia bridge was built prior to the Terminal bridge and the Vandalia right of way over the creek reaches to near the north side of the Terminal bridge.  There is a space upon this right of way between the two bridges which is unprotected at either bank.  Upon the morning of the injury the three men had crossed the above track intersection and were approaching the

Terminal bridge, which they intended to cross. Supposing that he was stepping upon a plank at the end of the Terminal bridge, the deceased mistakenly stepped into the east end of the open space between the two bridges. As correctly said by plaintiff in her statement of the case, he "was proceeding along or near the Terminal track, with the intention of crossing the Terminal bridge; it being dark, so that he could not clearly see where he was going, he fell into this hole."

[1] Several questions have been presented by counsel and examined by the court, but it is unnecessary here to treat but one proposition: Did the defendant (Vandalia) owe any legal duty to the deceased to guard the east end of this opening? The duty intended and necessary to be found is one due the deceased, and one due at the time of the injury and in connection with the place and circumstances thereof.

Plaintiff bases her contention that such duty existed upon the theory that defendant was a joint user with the Terminal of a common yards at the place of the accident. The law of Illinois, the place of this injury, is that joint usage of railway property involves certain duties of care by each railway toward the employés of the other. The limits of this rule seem to be that such a railway owes to such employés the duty of ordinary care for their safety while they are on its property in the discharge of their duties.

"Under the facts, as the jury must have found, the appellant owed the same duty to the servants of the Michigan Central Company, when crossing the former's tracks in the regular discharge of their duties, that it did to its own servants when crossing the same tracks." Ill. C. R. R. Co. v. Frelka, 110 Ill. 498.

"The evidence warranted the jury in believing that the inspection at these tracks was made in the regular course of business pursuant to the understanding of the two roads. Under these circumstances, plaintiff, while working as inspector for the Pere Marquette, was not a mere licensee, but was there by defendant's invitation, in the course of defendant's business as owner and possessor of the premises in which plaintiff's employer, under a business arrangement, was transacting its own business. The defendant, therefore, owed him a duty to exercise ordinary care." Arens v. Chicago Junc. Ry. Co., 159 Ill. App. 427.

To the same effect is a portion of a quotation made in plaintiff's brief from 1 White on Personal Injuries on Railroads, par. 229, as follows:

"Where different companies use the same track, depots, or yards, each company will be held liable for a failure to use ordinary care for the protection, not only of its own employés but also of those of the other company, rightfully on the premises, in the discharge of their various duties."

In other words, the use of the railway's property by the foreign employé must be in the necessary or natural performance of his work. Here each road owned its separate right of way, tracks, and bridges. None of deceased's duties required or naturally caused him to use the Vandalia property in the course of his work for the Terminal. No licensed usage thereof by him or other inspectors was shown, but, on the contrary, a usage of the Terminal, and not the Vandalia, right of way in this vicinity. At the time of the injury deceased was not knowingly or intentionally on or using the Vandalia right of way. In short, no general duty of his employment carried him onto the Vandalia right of way near this place; the particular duty which then engaged

him did not carry him there, and had nothing to do with the Vandalia, and no right by user is claimed or shown, but the opposite. We conclude that no such duty to deceased from defendant as claimed existed.

[2] This conclusion is not shaken by the contractual relations between the two companies. Those relations were as follows: The Terminal Association is a corporation organized by various railways (including defendant) entering St. Louis for terminal purposes. Its stock is held in equal shares by these railways. Under a contract between it and the various railways they are given joint use of its properties; it is bound to receive, deliver, and transfer all of their traffic; they each appoint a member of its board of directors, which board governs the Terminal Company; they pay for such services a sum slightly in excess of the expenses, with a limited responsibility for deficits; three-fourths of the directors determine as to additions and betterments, if such require stock or bond issues or contributions from the railways; cost of replacement of destroyed property, beyond insurance, is to be borne by the railways; all subordinate officers and employés of the Terminal Company are subject to removal on request in writing by any of the railways, and for good cause shown. The relation of the Vandalia to the Terminal is, in legal terms, as a stockholder, and as a party contracting for the use of the services of that company. These relations constitute no basis for any tort liability for injuries to Terminal employés.

The judgment is affirmed.